# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBIN M. MYERS, | C.A. No.: |
| Plaintiff, | **TRIAL BY JURY DEMANDED** |
| v. | |
| REDNER'S MARKERTS, INC. a Foreign corporation, | **COMPLAINT** |
| Defendants. | |

1. Plaintiff Robin M. Myers ("Plaintiff") is a resident of the State of Delaware residing at 13 Turning Leaf Court, Dover, Delaware, 19904.

2. Defendant Redner's Markets, Inc. ("Defendant"), is a foreign corporation whose registered agent for service of process is Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

3. Defendant is an employer within the State of Delaware and within the jurisdictional coverage the Americans with Disabilities Act, 42 U.S.C. §12101, et seq. (the "ADA") and the Delaware Persons with Disabilities Employment Protections Act, 19 Del. C. § 720, et seq. (the "DPWDEPA").

4. Jurisdiction is conferred on this Court by 42 U.S.C. § 12117(a) and by 28 U.S.C. § 1367.

5. Venue for all causes of action stated herein lie in the District of Delaware, as acts alleged as the bases for these claims took place within the boundaries of that District.

6. Plaintiff brings this action to redress wrongs done to her by Defendant's discrimination and retaliation against her on the basis of her disability and with interference with her rights under the ADA and DPWDEPA.

7. Plaintiff timely submitted a complaint of discrimination on the basis of disability to the Delaware Department of Labor ("DDOL") and the Equal Employment Opportunity Commission ("EEOC").

8. Plaintiff has received a Notice of Right to Sue for the above referenced charge from the EEOC.

9. Plaintiff has timely filed this complaint within ninety (90) days of her receipt of the aforementioned Notice of Right to Sue.

10. Plaintiff began employment with Defendant as a Bakery Associate at Defendant's Route 13 Dover Delaware location on January 13, 2019, and continued her employment as a Bakery Associate until her constructive discharge on September 14, 2019.

11. At all times relative to this Complaint, Dan McMahon ("McMahon") was Defendant's Store Manager at Defendant's Route 13 Dover Delaware location.

12. At all times relative to this Complaint Jennifer Harper ("Harper") was the Bakery District Manager at Defendant's Route 13 Dover Delaware location.

13. At all times relative to this Complaint Lindsey Duckworth ("Duckworth") was the Bakery Manager at Defendant's Routh 13 Dover Delaware location.

14. At all times relative to this Complaint Dominic (last name unknown) was Defendant's Assistant Store Manger at Defendant's Route 13 Dover Delaware location.

15. At all times relative to this Complaint Poteasha J. Sampson ("Sampson") was Plaintiff's coworker in the Bakery Department at Defendant's Route 13 Dover Delaware location.

16. Plaintiff informed Defendant during her interview for the Bakery Associate position that she suffered from bipolar disorder.

17. Plaintiff offered medical paperwork related to her disability on more than three separate occasions during the course of her employment.

    a) Plaintiff offered medical documentation when hired but was told medical paperwork was not necessary to document her bipolar disorder.

    b) Plaintiff again offered medical documentation after being written up for missing work on May 18 and 19, 2019 when caring for her son who had threated suicide. The write up was rescinded but Defendant again stated they did not need medical documentation.

    c) Plaintiff again offered medical documentation during the August 20, 2019, meeting with management referenced below.

18. There were numerous conflicts between Plaintiff and Sampson regarding communication, many jobs being left for Plaintiff to complete, and times away from the Bakery throughout Plaintiff's employment.

19. These issues with Sampson created a stressful work environment.

20. Plaintiff informed Dominic, McMahon, Harper, and other managers numerous times during the course of her employment that constantly being abused, belittled, and discriminated against by Sampson was stressful and the matter was never addressed.

21. Plaintiff also informed Defendant that medication being taken for her bipolar disorder sometimes made her dizzy and made lifting difficult.

22. On May 18 and 19, 2019, Plaintiff missed two shifts due to her son being hospitalized after a threatened suicide attempt.

    a) Plaintiff received a reprimand for missing work.

    b) Plaintiff stated she was taking care of her son who was admitted to a hospital for behavioral issues, and she was suffering due to the stress related to her bipolar disorder.

    c) Plaintiff offered documentation of her bipolar disorder, but the documentation was refused.

    d) Plaintiff was actively being treated for the bipolar disorder at the time of this incident.

    e) The reprimand was rescinded.

23. In early July 2019, Plaintiff mentioned her potential diagnosis of a brain tumor to McMahon and Sampson. Sampson, responded with "Oh, another excuse".

24. Just prior to July 11, 2019, Plaintiff complained to Harper about her ongoing issues at the Dover Redner's location.

25. On July 11, 2019, Plaintiff notified McMahon that due to her bipolar disorder she needed to reduce her stress and needed assistance with heavy lifting due to medications related to her bipolar disorder.

    a) McMahon told Plaintiff she was being "petty and pointless".

    b) McMahon later that same day came to Plaintiff's department and sternly asked her, with customers present, "do we have a problem?"

    c) McMahon told Plaintiff she needed to watch herself when calling Harper.

    d) Plaintiff was confused and frightened by McMahon's tone.

26. Plaintiff requested the number for Redner's corporate office from McMahon so she could file a complaint, but McMahon refused to provide the number.

27. Plaintiff next requested the number for Redner's corporate office from Duckworth so she could file a complaint, but Duckworth refused to provide the number.

28. On July 16, 2019, after finding the email address for corporate on a bulletin board, Plaintiff e-mailed the corporate office stating she was experiencing issues with age discrimination, medical discrimination and a hostile work environment.

29. On July 31, 2019, Plaintiff left a telephone message for Randy Kostelac ("Kostelac"), Director of Corporate Training and Education, regarding the aforementioned e-mails.

30. Kostelac responded on August 3, 2019, asking Plaintiff for her notes.

31. On August 20, 2019, Plaintiff attended a meeting at the Dover store with McMahon, Duckworth, Sampson, Harper, Gary O'Brien (assistant manager), and Alexis Foreman (Human Resources Manager).

32. The meeting took place in a small office.

33. Plaintiff requested a larger room as the small room created a stressful situation but was told the meeting would be held in the small office.

34. Plaintiff was stressed following the meeting of August 20, 2019. Plaintiff drove 10 minutes after leaving work not realizing she was mentally unconscious and walked into the woods for 45 minutes without knowing where she was.

35. Plaintiff reported to the hospital and was told she had experienced global transient amnesia.

36. Plaintiff lost her driving privileges as a result of global transient amnesia.

37. Plaintiff explained the situation to McMahon and attempted to provide McMahon with medical documentation regarding the incident but was referred to Human Resources.

38. Plaintiff received a reprimand for missing work.

39. In early August 2019 Plaintiff's hours were significantly reduced, from approximately thirty hours per week to approximately ten hours per week, in retaliation for complaining about Redner's refusal to accommodate her disability.

40. Defendant is liable for the actions of its agents as set forth in this Complaint under the principles of agency and the doctrine of *respondeat superior* and pursuant to the ratification of the agents' actions by Defendant.

41. Plaintiff's resignation was a constructive discharge as Redner's failed to provide any requested accommodation and had reduced Plaintiff's scheduled hours from an average of approximately thirty hours per week to approximately ten hours per week in retaliation for complaints made to management.

42. Plaintiff was constructively discharged because her reasonable requests for an accommodation were not accepted and the work environment had become hostile.

43. Defendant refused to consider Plaintiff's verbal requests for an accommodation and told Plaintiff the only requests for accommodation Defendant would honor were requests written by a doctor.

44. Defendant failed to engage in the interactive process when Plaintiff requested an accommodation.

45. Defendant mocked Plaintiff's requests for accommodation and characterized the requests as excuses to avoid work.

46. Plaintiff's refusal to accommodate Plaintiff's disability, failure to engage in the interactive process, and retaliation for requesting accommodations created an environment which forced Plaintiff to resign.

47. The wrongful acts committed by the Defendant, as stated hereinabove, were willful, wanton, and committed in bad faith.

48. As a direct result of the actions of the Defendant, Plaintiff has suffered damages, including, but not limited to, severe emotional distress, pain and suffering, mental anguish, humiliation, and lost wages.

### COUNT I – AMERICANS WITH DISABILITIES ACT

49. Plaintiff restates and hereby incorporates by reference paragraphs 1 through 48 hereinabove.

50. By committing the aforementioned acts, Defendant has discriminated against Plaintiff on the basis of her disability in violation of the Americans with Disabilities Act, 42 U.S.C. §12101, et seq.

51. As a direct result of the discriminatory and wrongful conduct of Defendant, Plaintiff has suffered damages, including, but not limited to, severe emotional distress, pain and suffering, mental anguish, humiliation, and lost wages.

WHEREFORE, Plaintiff demands judgment against the Defendant for:

a) back pay, including interest;

b) reinstatement, if feasible, or in the alternative, front pay;

c) compensatory damages, including damages for emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary damages;

d) punitive damages;

e) pre-judgment and post-judgment interest;

f) attorney's fees; and

g) any other relief that this Court deems just.

## COUNT II – DELAWARE PERSONS WITH DISABILITIES EMPLOYMENT PROTECTIONS ACT

52. Plaintiff restates and hereby incorporates by reference paragraphs 1 through 51 hereinabove.

53. By committing the aforementioned acts, Defendant has discriminated against Plaintiff on the basis of her disability in violation of the Delaware Persons with Disabilities Employment Protections Act, 19 Del. C. § 720, et seq.

54. By committing the aforementioned acts, and specifically by discriminating against Plaintiff on the basis of her disability, Defendant has violated 42 U.S.C. § 1981.

55. As a direct result of the discriminatory and wrongful conduct of the Defendant, Plaintiff has suffered damages, including, but not limited to, severe emotional distress, pain and suffering, mental anguish, humiliation, and lost wages.

WHEREFORE, Plaintiff demands judgment against the Defendant for:

a) back pay, including interest;

b) reinstatement, if feasible, or in the alternative, front pay;

c) compensatory damages, including damages for emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary damages;

d) punitive damages;

e) pre-judgment and post-judgment interest;

f) attorney's fees; and

g) any other relief that this Court deems just.

By: */s/ Gary E. Junge*
    Gary E. Junge, Esquire
    Bar I.D. # 6169
    414 South State Street
    P.O. Box 497
    Dover, Delaware 19903-0497
    (302) 674-0140
    Attorney for Plaintiff

Dated: May 6, 2021